NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRAIG DOUGLAS ALLEN, | No. 22-15030 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01853-JAM-KJN |
| v. | |
| CITY OF CITRUS HEIGHTS POLICE DEPARTMENT; MEDIALAB; MATT JACOBS; BERT REED, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted January 18, 2023**

Before:     GRABER, PAEZ, and NGUYEN, Circuit Judges.

Craig Douglas Allen appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action in connection with the search of his home.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under Federal Rule of Civil Procedure 12(b)(6). *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). We affirm.

The district court properly dismissed Allen's claims under 42 U.S.C. § 1983 because Allen failed to allege facts sufficient to state a plausible claim against any defendant. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to state a claim for relief that is plausible on its face, a plaintiff must allege facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation was committed by a person acting under color of state law."); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073–76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (under § 1983, the focus is "on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation").

The district court properly dismissed Allen's claims under federal and state criminal laws because none of these statutes provides for a private right of action. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (criminal statutes generally do not give rise to a private right of

action); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action under 18 U.S.C. § 241).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Allen's state law claims. *See* 28 U.S.C. § 1367(c)(3); *San Pedro Hotel Co., Inc., v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (setting forth standard of review); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (court may decline to exercise supplemental jurisdiction over related state law claims once it has dismissed all claims over which it has original jurisdiction).

The district court did not abuse its discretion by denying as moot Allen's discovery motion. *See Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1112 (9th Cir. 2001) (setting forth standard of review); *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (discovery rulings should only be disturbed on clear showing of actual and substantial prejudice).

We reject as unpersuasive Allen's contention that the involvement of a magistrate judge without his consent was improper as the magistrate judge did not enter dispositive orders, *see* 28 U.S.C. §§ 636(b)(1)(A)–(C), and we reject as unsupported by the record Allen's contention that the district judge was biased against him.

All pending motions and requests are denied.

**AFFIRMED.**